NOT FOR PUBLICATION

**CLOSED**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| OSCAR PORTER, | : | |
| Petitioner, | : | Civil Action No. 14-2999 (SRC) |
| v. | : | |
| STEPHEN D'ILIO, et al., | : | **MEMORANDUM OPINION AND ORDER** |
| Respondents. | : | |

This matter comes before the Court upon Petitioner's § 2254 petition ("Petition") and his application for a stay and abeyance. See ECF Nos. 1, 1-1, 1-2 and 1-3. Petitioner states that he was convicted on September 8, 2005, that the Appellate Division affirmed his conviction on August 30, 2007, and that the Supreme Court of New Jersey denied certification on December 6, 2007. See ECF No. 1-2, at 1. He also states that he filed his application for post-conviction relief ("PCR") on January 18, 2008, i.e., 43 days from that denial of certification. See id. Petitioner believes that his one-year period of limitations under the Anti-Terrorism and Effective Death Penalty Act, Pub. L. No. 104-132, tit. I, §101 ("AEDPA"), was triggered on December 6, 2007, and depleted by this 43-day period. Petitioner errs. For the purposes of the AEDPA analysis, a judgment is deemed final at the conclusion of direct appellate review or the expiration of the time to seek such review, including the 90-day period for filing an application for certiorari with the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999). Hence, Petitioner's PCR application was filed before his AEDPA period was triggered, and the 43-day period did not affect it.

The AEDPA period is statutorily tolled during the time when a properly filed state PCR application is pending. See 28 U.S.C. § 2244(d)(2). A PCR application is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (emphasis omitted). Thus, the periods during which a PCR appeal or a PCR application for certification are overdue under the state court rules do deplete the one-year AEDPA period, meaning that the statutory tolling: (a) stops when the time to file those applications expires under the state rules; and (b) is retriggered only when the Appellate Division or the Supreme Court of New Jersey grants the request to proceed nunc pro tunc. See Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80 (3d Cir. 2013); see also N.J. Ct. R. 2:4-1(a) (the time to file a notice of appeal with the Appellate Division is 45 days); N.J. Ct. R. 2:12-3 (an application for certification must be filed with the Supreme Court of New Jersey within 20 days from the Appellate Division's adverse ruling).

Here, Petitioner's AEDPA period appears depleted by at least one, and potentially two, untimely PCR filing(s). See ECF No. 1-2, at 1-2. He states that the Law Division denied him PCR on July 24, 2009. See id. at 1. Thus, his one-year AEDPA period was triggered 45 days later because his notice of appeal was filed only on February 2, 2010. He does not state when the Appellate Division granted his application to appeal nunc pro tunc. Analogously, he does not state whether his application for certification with the Supreme Court of New Jersey was timely or, if not, when the Supreme Court of New Jersey granted him leave to proceed nunc pro tunc. See id. at 1-2. Petitioner, however, states that his application for certification was granted, and the New Jersey Supreme Court remanded his matter, and it is now pending before the Law Division. See id. at 2. On the basis of these facts, he seeks stay and abeyance. However, the stay and abeyance analysis of Rhines v. Weber, 544 U.S. 269 (2005), is inapplicable here.

> The United States Supreme Court has expressly approved the use of stay-and-abeyance procedures in "limited circumstances." Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Faced with a mixed petition containing both exhausted and unexhausted claims, the Supreme Court recognized the potential "risk of petitioners forever losing their opportunity for any federal review of their unexhausted claims," and allowed courts to "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Id. at 275. The Third Circuit has extended Rhines to allow district courts to stay and abey petitions containing only unexhausted claims. See Heleva v. Brooks, 581 F.3d 187 (3d Cir. 2009). However, the Supreme Court has "cautioned that 'stay and abeyance, if employed too frequently, has the potential to undermine' the purposes of the . . . AEDPA: reducing delays in the execution of sentences, encouraging petitioners to seek collateral state court relief in the first instance, and giving petitioners an incentive to exhaust all their claims in state court prior to filing their federal petition." Grundy v. Pennsylvania, 248 Fed. App'x 448, 451 (3d Cir. 2007) (quoting Rhines, 544 U.S. at 277). Therefore, a district court may issue a stay where: "(1) good cause exists for the petitioner's failure to exhaust his claims; (2) the unexhausted claims are not plainly meritless; and (3) the petitioner has not engaged in dilatory or abusive tactics." Id. (citing Rhines, 544 U.S. 277-78).

Randle v. Wetzel, 2013 U.S. Dist. LEXIS 182932, at *9-10 (E.D. Pa. Dec. 5, 2013) (brackets omitted). Since Petitioner did not fail to exhaust the claims raised in his Petition and, in fact, is now in the process of exhausting those claims, his application for stay and abeyance is, de facto, a request for finding his Petition timely. The Court, however, cannot make such determination at this juncture, as this request is either futile or speculative. Here, Petitioner had either one or two "gap" periods consisting of the time: (a) from when his opportunity to file PCR appeal expired under the state rules and to the date when his application to appeal nunc pro tunc was granted by the Appellate Division; and (b) potentially, an analogous period (if such occurred) with regard to his PCR application for certification with the Supreme Court of New Jersey. If the sum of these "gap" periods is less than one year, as it appears to be, he is still within his AEDPA period, and this AEDPA period will remain statutorily tolled provided that his future state filings are timely under the state rules. Thus, his request is futile because he should have the difference between his AEDPA one year period and the sum of these "gap" periods to file his all-inclusive § 2254

3

petition with this Court upon completion of his exhaustion efforts in state forum.[1] Conversely, if: (a) the sum of his "gap" periods has already exceeded one year; or (b) he files his all-inclusive § 2254 petition with a delay after his state exhaustion efforts are completed, and that delay, being added to the sum of his "gap" periods, exceeds the one year allowed by the AEDPA, his Petition either already is or would become untimely unless he shows a viable basis for equitable tolling.[2]

IT IS, therefore, on this ___27___ day of ___May___, 2014,

ORDERED that the Petition is dismissed as premature without prejudice to filing a timely and duly exhausted all-inclusive Section 2254 petition, and no certificate of appealability shall issue; and it is further

ORDERED that Petitioner's application for stay and abeyance is denied; and it is further

ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket, "CIVIL CASE TERMINATED"; and it is further

ORDERED that this Court retains jurisdiction over this matter for 30 days to ensure Petitioner's opportunity to seek appropriate relief, if any, in light of the guidance provided herein in the event Petitioner asserts a non-speculative factual predicate; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail.

*[signature]*
STANLEY R. CHESLER,
**United States District Judge**

---

[1] The 90-day period to seek certiorari from the Supreme Court of the United States does not apply to the AEDPA statutory tolling.

[2] Since this Court cannot rule on a speculative scenario where Petitioner sits on his rights or encounters circumstances warranting equitable tolling, see U.S. Const. art. III, § 2, Petitioner's request for finding his Petition timely is unripe, while his reliance on Rhines is misplaced.